IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HEIDI MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 15-1270-JWL |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding no reversible error in the Administrative Law Judge's (ALJ) step three determination, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

I.     **Background**

Plaintiff applied for DIB and SSI benefits, alleging disability beginning July 31, 2011.  (R. 12, 180, 184).  Plaintiff exhausted proceedings before the Commissioner, and

now seeks judicial review of the final decision denying benefits.  She argues that the ALJ erred by failing to secure a medical opinion whether Plaintiff's condition is medically equivalent to either Listing 1.04A or Listing 1.04C.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work. <u>Blea v. Barnhart</u>, 466 F.3d 903, 907 (10th Cir. 2006); <u>accord</u>, <u>Dikeman v. Halter</u>, 245 F.3d 1182, 1184 (10th Cir. 2001); <u>Williams</u>, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. <u>Id.</u>; <u>Haddock v. Apfel</u>, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that although the ALJ failed to secure a medical opinion regarding medical equivalence, that error is not grounds for remand because Plaintiff has not met her burden to present evidence that her condition is at least equal in severity and duration to each of the criteria of Listing 1.04A or 1.04C, and because the ALJ's findings at step four and step five of the sequential evaluation process (which Plaintiff does not argue are erroneous) confirm that Plaintiff is able to perform work existing in the economy.

## II    Discussion

Plaintiff points out that Social Security Ruling (SSR) 96-6p requires the agency to obtain the opinion of a physician or psychologist on the issue of medical equivalence at step three of the sequential evaluation process. (Pl. Br. 9). She points out that because a single decision maker (SDM)--who is not an acceptable medical source--made the initial determination here and there was no reconsideration determination because this case originated in Missouri, no medical opinion regarding medical equivalence to a Listing is in the record evidence. <u>Id.</u> at 10. She notes that the ALJ accorded the SDM's opinion no weight, and argues that although the record contains a consultative examination report, that is not sufficient to establish that the ALJ considered a medical opinion regarding

4

medical equivalence.  Id. at 10-11.  She points out that at the hearing counsel twice requested that the ALJ secure a medical opinion regarding medical equivalence, but that the ALJ did not do so.  Id. at 11.

Plaintiff argues that this is error, and that the error is not harmless because "the record in the present case contains sufficient evidence to find that [Ms.] Mitchell potentially equaled Listing 1.04."  (Pl. Br. 11).  She argues that "the record contains evidence that [Ms.] Mitchell's lumbar spinal stenosis combined with obesity equals Listing 1.04."  Id. at 13.  In support of that argument she cites to record evidence regarding her height, weight, body mass index (BMI), spinal canal stenosis, foraminal narrowing, decreased range of motion, lower extremity muscle weakness, limitations in walking and standing, difficulty ambulating, decreased strength on the left, decreased sensation, and a flexed forward gait.  Id. (citing R. 359, 361, 365, 379, 396, 518, 560-62).  Plaintiff also argues, based upon this evidence that the ALJ's step four and step five findings do not rectify the step three error because although the ALJ determined Plaintiff could perform a range of light work, "the medical evidence shows decreased strength, decreased sensation, limited range of motion, some evidence of difficulty with ambulation, and obesity extreme enough to warrant possible bariatric surgery."  Id. at 13-14.  She recognizes it is Plaintiff's burden to demonstrate that her condition equals a listing, but argues that the ALJ did not develop the record in this regard in accordance with SSR 96-6p and that the court may not in the first instance determine whether Plaintiff's condition medically equals a Listing.  Id. at 14.

5

The Commissioner tacitly admits that the record does not contain a medical opinion regarding equivalence.  (Comm'r Br. 6) ("the record does not show that a doctor considered whether Plaintiff's impairments equaled a Listed impairment").  She argues however, the error does not require remand because Plaintiff has not met her burden to present evidence that her condition is medically equivalent to either Listing 1.04A or Listing 1.04C.  (Comm'r Br. 6-7).

Plaintiff "has the burden at step three of demonstrating, through medical evidence, that h[er] impairments 'meet <u>all</u> of the specified medical criteria' contained in a particular listing."  <u>Riddle v. Halter</u>, No. 00-7043, 2001 WL 282344 at *1 (10th Cir. Mar. 22, 2001) (quoting <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990) (emphasis in <u>Zebley</u>)); <u>see also</u>, <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1487 (10th Cir. 1993) (burden shifts to Commissioner only at step five).  "An impairment that manifests only some of [the listing] criteria, no matter how severely, does not qualify" to meet or equal the listing. <u>Zebley</u>, 493 U.S. at 530.  Medical equivalence to a listing may be established by showing that the claimant's impairment(s) "is at least equal in severity and duration to the criteria of any listed impairment."  20 C.F.R. §§ 404.1526(a), 416.926(a).  The determination of medical equivalence is made without consideration of vocational factors of age, education, or work experience.  20 C.F.R. §§ 404.1526(c), 416.926(c).

"The [Commissioner] explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard.  The listings define impairments that would prevent an adult, regardless of h[er] age, education, or work

experience, from performing <u>any</u> gainful activity, not just 'substantial gainful activity.'"

<u>Zebley</u>, 493 U.S. at 532-33 (emphasis in original) (citing 20 C.F.R. § 416.925(a) (1989)).

The listings "streamlin[e] the decision process by identifying those claimants whose

medical impairments are so severe that it is likely they would be found disabled

regardless of their vocational background." <u>Bowen v. Yuckert</u>, 482 U.S. 137, 153 (1987).

"Because the Listings, if met, operate to cut off further detailed inquiry, they should not

be read expansively." <u>Caviness v. Apfel</u>, 4 F. Supp. 2d 813, 818 (S.D. Ind. 1998).

Listing 1.04 provides in relevant part:

1.04 <u>Disorders of the spine</u> (<u>e.g.</u>, herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.

With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or

. . .

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R., Pt. 404, Subpt. P, App. 1.

To meet Listing 1.04, an impairment must first meet the criteria of either

(I) compromise of a nerve root or (II) compromise of the spinal cord.  20 C.F.R., Pt. 404,

Subpt. P, App. 1 § 1.04.  In addition, Listing 1.04A requires:  (A. 1) neuro-anatomic

distribution of pain, (A. 2) limitation of motion of the spine, (A. 3) motor loss

accompanied by either (a) sensory loss, or (b) reflex loss, and (only if the lower back is

involved) (A. 4) positive straight-leg raising, while both (a) sitting and (b) supine; and

Listing 1.04C requires:  pseudoclaudication (C. 1) established by medically acceptable

imaging, (C. 2) manifested by chronic nonradicular (a) pain and (b) weakness, and

(C. 3) resulting in inability to ambulate effectively as defined in 1.00B2b.

      Plaintiff does not assert that the ALJ erred in finding that her condition does not

meet either Listing 1.04A or Listing 1.04C.  But, the evidence she cites in support of her

argument that she potentially equals the Listings is evidence similar to the Listing criteria

but which is apparently of lesser severity than that which would meet the Listing criteria:

spinal canal stenosis, foraminal narrowing, decreased range of motion, lower extremity

muscle weakness, limitations in standing and walking, difficulty ambulating, decreased

strength and sensation, and a flexed forward gait.  She ignores that to equal a Listing, she

must show that her impairment is <u>at least equal in severity and duration</u> to the criteria of

the Listed impairment.  She does not explain how it is that the evidence to which she cites

is at least equal in severity and duration to the criteria of Listing 1.04A or 1.04C, the

impairments which she suggests her condition equals.

      Specifically, Plaintiff does not point to record evidence which demonstrates that

her condition is equal in severity and duration to (I) compromise of a nerve root or (II)

compromise of the spinal cord.  With regard to Listing 1.04A, she does not point to

8

record evidence which demonstrates that her condition is equal in severity and duration to (A. 1) neuro-anatomic distribution of pain, and with regard to Listing 1.04C, she does not point to record evidence which demonstrates that her condition is equal in severity and duration to (C. 3) inability to ambulate effectively as defined in 1.00B2b.  Having failed in her burden to demonstrate through medical evidence that her impairments are at least equal in severity and duration to the medical criteria of the Listings, Plaintiff cannot show prejudice from the ALJ's failure to obtain and consider a medical opinion regarding medical equivalence.

Plaintiff's argument that the ALJ failed his duty to develop the record regarding medical equivalence is equally unavailing.  To be sure, the ALJ should have secured a medical opinion regarding medical equivalence.  As discussed above, that fact constitutes a technical error.  And, the ALJ has an obligation to ensure that an adequate record is developed during the disability hearing even where Plaintiff is represented by counsel. Cowan v. Astrue, 552 F.3d 1182, 1187 (10th Cir. 2008).  However, the record evidence regarding Plaintiff's impairments was fully developed, and Plaintiff does not point to evidence which was available but not sought by the ALJ, and which would demonstrate that her condition medically equals either Listing 1.04A or 1.04C.  Plaintiff has not met her burden to demonstrate through medical evidence that her impairments are at least equal in severity and duration to the medical criteria of the Listings, nor has she pointed to such evidence which should have been, but was not, obtained by the ALJ.

"[C]ommon sense, not technical perfection" is the court's guide in judicial review of a decision by the Commissioner.  Keyes-Zachary v. Astrue, 695 F.3d 1156, 1167 (10th Cir. 2012).  Plaintiff must show more than the mere presence of a technical error in the Commissioner's decision.  As the Supreme Court has noted, the federal harmless error statute, 28 U.S.C. § 2111, "seeks to prevent appellate courts from becoming 'impregnable citadels of technicality.'"  Shinseki v. Sanders, 556 U.S. 396, 407-08 (2009).

Finally, the court notes that, contrary to Plaintiff's assertion, the ALJ's RFC assessment and findings at steps four and five of the sequential evaluation process demonstrate that Plaintiff is able to perform work existing in significant numbers in the economy, and any error at step three was, therefore, harmless.  (R. 16-22).  Plaintiff recognizes that the ALJ assessed an RFC for a range of light work, but argues that contrary to that assessment, "the medical evidence shows decreased strength, decreased sensation, limited range of motion, some evidence of difficulty with ambulation, and obesity extreme enough to warrant possible bariatric surgery."  (Pl. Br. 13) (citing R. 361, 379, 518, 560-62).  However, the ALJ considered all of this evidence, and allowed for it in assessing Plaintiff's RFC.  He determined that her limits in exertion were consistent with only light work, not greater exertion.  He further limited her to frequent balancing; occasional stooping kneeling, crouching, crawling, climbing ramps and stairs, and reaching overhead with her right arm; and never climbing ladders, ropes, or scaffolds.  (R. 16).  This is all consistent with the medical evidence cited by Plaintiff, and she has not

demonstrated otherwise.  She has simply not shown that she was prejudiced by any error of the ALJ in this case.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 17th  day of June 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**